UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANEES CASTRO GONZALES,

    Plaintiff,                         Civil No. 2:15-CV-14118
                                        HONORABLE SEAN F. COX
                                        UNITED STATES DISTRICT JUDGE
v.

SHERIFF DEPARTMENT [OF INGHAM
COUNTY],

    Defendant,
_____/

**OPINION AND ORDER TRANSFERRING PLAINTIFF'S CIVIL RIGHTS
COMPLAINT TO THE WESTERN DISTRICT OF MICHIGAN**

    Ranees Castro Gonzales, ("plaintiff"), presently confined at the Monroe County Jail in Key West, Florida, has filed a civil rights complaint in this district against the defendant, the Ingham County Sheriff Department, pursuant to 42 U.S.C. § 1983.

    In his complaint, plaintiff claims that the defendant violated his constitutional rights while he was at Michigan State University in East Lansing, Michigan. Plaintiff alleges that he was subjected to false imprisonment when he was charged with violating one of the university's ordinances. All of these constitutional deprivations allegedly took place in East Lansing, Michigan.

**I. DISCUSSION**

    In the present case, all of the actions complained of by plaintiff took place in the City of East Lansing, Michigan, which is located in the Western District of Michigan. The

1

Sheriff's Department is located in Mason, Michigan, which is also located in the Western District of Michigan.[1] To the extent that plaintiff is suing the Ingham County Sheriff, public officials "reside" in the county where they serve. *See O'Neill v. Battisti,* 472 F. 2d 789, 791 (6th Cir. 1972).

Venue is in the judicial district where either all defendants reside or where the claim arose. *Al-Muhaymin v. Jones,* 895 F. 2d 1147, 1148 (6th Cir. 1990); 28 U.S.C. § 1391(b). For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought. *See United States v. P.J. Dick, Inc.,* 79 F. Supp. 2d 803, 805-06 (E.D. Mich. 2000)(Gadola, J.); 28 U.S.C. § 1404(a). Venue of a lawsuit may be transferred *sua sponte* for the convenience of parties or witnesses. *See Schultz v. Ary,* 175 F. Supp. 2d 959, 964 (W.D. Mich. 2001).

The factors that guide a district court's discretion in deciding whether to transfer a case include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of

---

[1] Although plaintiff claims that the Ingham County Sheriff's Office is located in East Lansing, Michigan, the central office for the Sheriff's Department appears to be in Mason, Michigan. The Court obtained this information from the Sheriff Department's website. See www.sh.ingham.org/Home.aspx. The address that plaintiff has listed for the Ingham County Sheriff's Department is actually for the East Lansing Police Department, which is also located in the Western District of Michigan. See www.cityofeastlansing.com.

2

unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and interests of justice, based upon the totality of the circumstances. *Overland, Inc. v. Taylor,* 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000)(Gadola, J.).

The Court concludes that both for the convenience of the parties and witnesses, as well as in the interests of justice, the present matter must be transferred to the Western District of Michigan. The primary factor in making the determination to transfer venue is that all of the "operative facts" in this case took place in the City of East Lansing, which is located in the Western District of Michigan. *Pierce v. Coughlin,* 806 F. Supp. 426, 428 (S.D.N.Y. 1992). In addition, change of venue is proper in this case, because all of the relevant documents and other sources of proof that could support plaintiff's claims are also located in the Western District. *Id.* Because the City of East Lansing was the primary situs of the material events in plaintiff's civil rights lawsuit, plaintiff's choice of forum has little weight in the Court's determination. *See Boyd v. Snyder,* 44 F. Supp. 2d 966, 971 (N.D. Ill. 1999).

In this case, venue for plaintiff's lawsuit against the defendant is not proper in the Eastern District of Michigan, because plaintiff has failed to allege that any of the acts, events, or omissions which form the basis of his lawsuit took place in the Eastern District of Michigan. *See Miles v. WTMX Radio,* 15 Fed. Appx. 213, 215 (6th Cir. 2001). The Court concludes that venue in this § 1983 lawsuit lies in the Western District of Michigan, where plaintiff alleges that the civil rights violations occurred. Accordingly, this matter will be

transferred to the Western District of Michigan for further proceedings.

## II.  ORDER

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).


Dated:  December 17, 2015                    S/ Sean F. Cox
                                                                                   Sean F. Cox
                                                                                  U. S. District Judge


I hereby certify that on December 17, 2015, the foregoing document was served on counsel of record via electronic means and upon Ranees Gonzales via First Class mail at the address below:

Ranees Gonzales 3026277
Monroe County Jail
5501 College Rd.
Key West, FL 33040


                                                                                 S/ J. McCoy
                                                                                 Case Manager